UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT A. BRUNDAGE,<br><br>   Defendant. | Case No. 25-cv-09724-PCP<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 17, 18 |

On December 29, 2025, the Court ordered plaintiff Dr. Ganiyu A. Jaiyeola to file an amended complaint or show cause establishing subject matter jurisdiction in this case. Dkt. 17. Plaintiff timely filed an amended complaint alleging one claim for fraud against defendant Robert A. Brundage. Dkt. 18. As the Court previously explained, federal courts must ensure they have subject matter over every case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Accordingly, a federal court plaintiff must adequately allege that the court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because plaintiff's amended complaint fails to adequately allege subject matter jurisdiction based on federal question or diversity jurisdiction, plaintiff is ordered to show cause as to why his case should not be dismissed.

The amended complaint alleges the Court has federal question jurisdiction because defendant violated 18 U.S.C. § 1001 and Federal Rule of Civil Procedure 11 and can be sanctioned under 28 U.S.C. § 1927. Dkt. 18 ¶ 2. Federal courts have federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. None of the rules cited by plaintiff, however, provides a basis for federal question jurisdiction.

1  First, 18 U.S.C. § 1001 is a criminal statute "that concerns criminal fraud and not false statements." *Stockstill v. Fresno Dep't of Soc. Servs.*, No. 19-cv-00889-AWI-SKO, 2020 WL 1274622, at *11 (E.D. Cal. Mar. 17, 2020). It does not create a private right of action and thus does not provide a basis for federal question jurisdiction in a civil case. *Id.*; *Franswan & Malika Clavelle v. Child. Fam. Servs. of Contra Costa & Solano Cnty.*, No. 14-cv-927-MCE-EFB, 2015 WL 6437651, at *4 (E.D. Cal. Oct. 22, 2015).

Second, the Federal Rules of Civil Procedure "prescribe the methods by which the jurisdiction of the federal courts is to be exercised," but do not establish an independent basis for jurisdiction. *Bernahl v. Eversheds Sutherland Ltd.*, 698 F. Supp. 3d 1138 (N.D. Cal. 2023) (quoting *United States v. Sherwood*, 312 U.S. 584, 591 (1941)), *aff'd sub nom. Bernahl v. Sutherland*, No. 23-3506, 2025 WL 733428 (9th Cir. Mar. 7, 2025); *Hamiltonhausey v. Warden*, No. 19-cv-02475-SI, 2019 WL 3753189, *2 (N.D. Cal. Aug. 8, 2019); *see* Fed. R. Civ. P. 82 (instructing that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts").

Third, 28 U.S.C. § 1927 does not create a private right of action in federal court and thus does not provide a basis for federal question jurisdiction. *Robertson v. Cath. Cmty. Servs. of W. Washington*, 22-cv-00827, 2022 WL 13925896, *1 (W.D. Wash. Oct. 24, 2022), *aff'd*, No. 22-35965, 2023 WL 3597383 (9th Cir. May 23, 2023); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69–70 (2d Cir. 1990).

Plaintiff's amended complaint also does not plead diversity jurisdiction. Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff does not allege the citizenship of either party or an amount in controversy.

**Accordingly, plaintiff is ordered, by January 27, 2026, to show cause in writing as to why the Court should not dismiss his case for lack of subject matter jurisdiction.** Defendant's deadline to file a responsive pleading to plaintiff's complaint remains stayed until further order of the Court.

**IT IS SO ORDERED.**

1  Dated: January 7, 2026

_____
P. Casey Pitts
United States District Judge