UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GANIYU AYINLA JAIYEOLA,

Plaintiff,

v.

ROBERT A. BRUNDAGE,

Defendant.

Case No.  25-cv-09724-PCP

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Re: Dkt. Nos. 18, 24

On December 29, 2025, the Court ordered plaintiff Dr. Ganiyu A. Jaiyeola to file an amended complaint or show cause establishing subject matter jurisdiction in this case. Dkt. 17. Plaintiff timely filed an amended complaint alleging one claim for fraud against defendant Robert A. Brundage. Dkt. 18. The Court again ordered plaintiff to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction. Dkt. 22. Plaintiff filed a response in which he contends that the amended complaint establishes federal question jurisdiction because it alleges that Brundage committed fraud on the court, which "violates constitutional rights by corrupting the judicial system, undermining the right to due process (fair adjudication), impeding the Sixth Amendment right to a fair trial, and attacking the court's inherent authority." Dkt. 24. Plaintiff's arguments are insufficient to establish this Court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal courts have federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a party can establish fraud on the court, a federal court may amend a judgment or order under its inherent power or Federal Rule of Civil Procedure 60(b). *In re Levander*, 180 F.3d 1114 (9th Cir. 1999). Neither a court's inherent power, nor a claim of fraud on the court, however, arises under the "Constitution,

laws, or treaties of the United States." *See Avery v. GE Auto Ins. Program*, 243 F. App'x 268, 269 (9th Cir. 2007). And, as the Court previously explained, the Federal Rules of Civil Procedure "prescribe the methods by which the jurisdiction of the federal courts is to be exercised," but do not establish an independent basis for jurisdiction. *Bernahl v. Eversheds Sutherland Ltd.*, 698 F. Supp. 3d 1138 (N.D. Cal. 2023) (quoting *United States v. Sherwood*, 312 U.S. 584, 591 (1941)), *aff'd sub nom. Bernahl v. Sutherland*, No. 23-3506, 2025 WL 733428 (9th Cir. Mar. 7, 2025).

In addition, the amended complaint does not allege that Brundage violated plaintiff's constitutional rights to due process or a fair trial. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although plaintiff urges the Court to consider his amended complaint liberally because he is self-represented, cases are presumed to lie outside of federal courts' limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Plaintiff's amended complaint and response to the order to show cause fail to establish a basis for federal question jurisdiction. Without a proper basis for subject matter jurisdiction, the Court cannot hear plaintiff's claim.

Accordingly, plaintiff's complaint is dismissed without leave to amend but without prejudice. The clerk shall enter judgment.

**IT IS SO ORDERED.**

Dated: February 13, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

2