UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. BRUNDAGE, <br><br> Defendant. | Case No.  5:25-cv-09724-PCP <br><br> **ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** <br><br> Re: Dkt. No. 29 |

The claims in this case stem from a product-liability action filed in 2016. *Jaiyeola v. Toyota Motor North America, Inc.,* W.D. Mich. No. 17-cv-00562-JTN-SJB (*"Jaiyeola I"*). Plaintiff Ganiyu Jaiyeola—who proceeded pro se in that case and all subsequent ones—filed suit against Toyota Motor North America, Inc. ("Toyota") and a supplier. Defendant Robert Brundage was appellate counsel for Toyota in that case. The district court granted summary judgment for defendants and the Sixth Circuit affirmed. *Jaiyeola v. Toyota Motor N. Am., Inc.*, No. 19-1918, 2021 WL 518155 (6th Cir. Feb. 1, 2021).

Jaiyeola subsequently filed suit in this Court. In the above-captioned case, *Jaiyeola IV*, Jaiyeola alleges that Brundage committed fraud by writing and signing a district court filing in *Jaiyeola I* despite not being an attorney of record in the Michigan district court. The Court concluded that it lacked subject matter jurisdiction and dismissed the case without prejudice but without leave to amend. Brundage now moves for the Court to declare Jaiyeola a vexatious litigant and impose pre-filing restrictions on him. For the reasons herein, the Court grants the motion.

## BACKGROUND

Since *Jaiyeola I*, Jaiyeola's filings have placed a significant strain on the federal court system. Jaiyeola's pattern of continued and repetitive filings in *Jaiyeola I* led to a restriction on

further filings absent leave of court on a showing of good cause. This did little to curb his filings. When Jaiyeola first became aware of Brundage's alleged fraud, he filed eight separate motions for leave to file a motion for sanctions. After individually denying each of the motions, the district court eventually prohibited Jaiyeola from any further filings in the matter. The Sixth Circuit affirmed the order. *Jaiyeola v. Toyota,* No. 21-1812, 2022 WL 178119776 at *4 (6th Cir. June 16, 2022).

Jaiyeola then sued Brundage personally in the same court, which dismissed the case. *Jaiyeola v. Brundage,* No. 1:21-cv-01053, 2022 WL 368650 (W.D. Mich. Feb. 8, 2022) (*"Jaiyeola II"*). Again, the Sixth Circuit affirmed the judgment. *Jaiyeola v. Brundage*, No. 22-1083, 2022 WL 18781019, at *4 (6th Cir. Nov. 14, 2022). After Jaiyeola filed a Federal Rule of Civil Procedure 60(b) motion, which was rejected, appealed, and affirmed, Brundage sought sanctions for Jaiyeola's pursuit of a frivolous appeal. The Sixth Circuit granted the motion and imposed monetary sanctions in March 2024. Jaiyeola still owes Brundage that $3,000.

Meanwhile, as Jaiyeola's Sixth Circuit cases progressed, he filed state bar complaints against Brundage in California and Michigan. After the bars closed their files without action, Jaiyeola filed his first suit against Brundage in the Northern District of California. After this Court dismissed that lawsuit for lack of jurisdiction, Jaiyeola filed a 60(b) motion, which was denied, then appealed the dismissal to the Ninth Circuit, which summarily affirmed the Court's decision. *Jaiyeola v. Brundage*, 754 F. Supp. 3d 910, 912 (N.D. Cal. 2024), *aff'd*, No. 24-7782, 2025 WL 1749980 (9th Cir. Apr. 1, 2025) ("*Jaiyeola III*"). Once all possible avenues of appeal were exhausted, he filed the above-captioned case, which was again dismissed for lack of jurisdiction (albeit on different grounds).

In addition to the actions described above, Jaiyeola has sued: Garmin International, Inc., for which he was sanctioned, *Jaiyeola v. Garmin Int'l, Inc.*, 2021 WL 2595067 at *5, *6 (D. Kan. June 24, 2021);  Garmin's counsel Kerri Reisdorff, which resulted in the Missouri federal court imposing filing restrictions prohibiting him from suing Garmin, Reisdorff, and other Garmin representatives without prior authorization from the court, *Jaiyeola v. Reisdorff*, No. 24-509, 2025 WL 326071 at *2 (W.D. Mo. Jan. 6, 2025), *aff'd*, 2025 WL 2097887 (8th Cir. June 4, 2025);

United States District Court
Northern District of California

2

United States District Court
Northern District of California

Garmin's in-house counsel, which resulted in a blanket restriction on further pro se filings within that district court, *Jaiyeola v. Kight*, No. 24-4076, 2025 WL 569264, *3 (D. Kan. Feb. 21, 2025); Jaiyeola's ex-wife's divorce lawyer and the judge who handled the case, *Jaiyeola v. Bryan*, No. 22-844, 2023 WL 4346676 (W.D. Mich. July 5, 2023), *aff'd*, 2024 WL 3549163 (6th Cir. February 12, 2024); the federal judges who handled the Western District of Michigan cases against Brundage, *Jaiyeola v. Neff*, No. 24-2550, 2024 WL 4499255 (D.D.C. Oct. 16, 2024), *aff'd*, 2025 WL 882199 (D.C. Cir. March 20, 2025); the Western District of Michigan Court Clerk, *Jaiyeola v. Dorwin*, No. 24-129, 2022 WL 1222658 (W.D. Mich. April 26, 2022), *aff'd*, 2024 WL 16835730 (6th Cir. October 5, 2022); the federal judges, clerk, and deputy clerk who handled his suit against Garmin, *Jaiyeola v. Teeter*, No. 24-1798, 2025 WL 2171098 (D.D.C. July 31, 2025); *Jaiyeola v. O'Hara*, No. 24-2355, 2024 WL 4030647 (D.D.C. August 30, 2024), *aff'd*, 2025 WL 882872 (D.C. Cir. March 19, 2025); *Jaiyeola v. Hokanson*, No. 24-cv-02354 (D.D.C. April 17, 2025); and the state-court judge and case manager in his divorce case, *Jaiyeola v. Gottlieb*, No. 2:24-cv-011693 (E.D. Mich. Jan. 13, 2025).

Brundage now moves for the Court to declare Jaiyeola a vexatious litigant and impose restrictions on certain further filings by him.

## LEGAL STANDARD

The All Writs Act endows federal courts with the power to restrict the activities of abusive litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing 28 U.S.C. § 1651(a)). "[P]re-filing orders should rarely be filed, and only if courts comply with certain procedural and substantive requirements." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citation omitted). Therefore, any district court considering the imposition of pre-filing restrictions must:

> (1) give litigants notice and an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.

3

*Id.* (citation omitted). The first two criteria are procedural and straightforwardly determined. When considering the subsequent substantive criteria, however, courts in this circuit employ a five-factor framework offered by the Second Circuit Court of Appeals.

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Of these factors, the fifth must be weighed most heavily. *Id.*

**ANALYSIS**

Jaiyeola is a vexatious litigant with respect to his pursuit of claims against Brundage. His filings will be limited accordingly.

The first two procedural criteria outlined in *Ringgold* are easily met: Jaiyeola received notice of and filed an opposition to Brundage's motion to declare him a vexatious litigant, and Brundage has provided an adequate record listing Jaiyeola's filings in both the above-captioned matter and other unrelated matters in federal and state courts across the country. The substantive criteria require more consideration.

All but one of the *Safir* factors weigh in favor of declaring Jaiyeola a vexatious litigant and granting Brundage's proposed prefiling restrictions. Jaiyeola has repeatedly filed for relief in cases where he has been squarely denied, even after the court instructed him to refrain from doing so. *See*, *e.g.*, *Jaiyeola I*. Jaiyeola has filed three nearly identical cases and brought nearly identical claims in a fourth—all stemming from Brundage's alleged misconduct while representing Toyota. After continued dismissals and affirmations, a reasonable person could not maintain a good faith expectation of prevailing. Jaiyeola's barrage of filings have strained the court system, court staff, and most of all Brundage, who has been required to defend himself from the many suits filed by Jaiyeola.

Further, any approach other than imposing pre-filing restrictions would be inadequate. Jaiyeola's claims against Brundage have multiplied like a hydra despite their continued rejection. The outstanding $3,000 sanction from *Jaiyeola II* provides evidence that monetary sanctions are ineffective, as too has been the dismissal of a previous case for misconduct. *See Jaiyeola v. Garmin Int'l, Inc.*, No. 24-3076, 2024 WL 4903298, at *1 (10th Cir. Nov. 27, 2024) (noting that the proceeding was the ninth brought to the appellate court involving the same district case, even after the district court had dismissed the matter with prejudice as a sanction for Jaiyeola's abusive litigation tactics).

Jaiyeola counters that (1) his filings must be construed liberally because he is *pro se*; (2) litigiousness alone should not be used to restrict filing activities; and (3) it is Brundage's motion, not his, that is frivolous. Finally, he attempts to argue that his lawsuit is not frivolous because it was dismissed due to a lack of subject-matter jurisdiction "and not because of lack of merit."

Lawsuits may be subject to sanctions even if dismissed for lack of subject-matter jurisdiction. *See*, *e.g.*, *Orange Production Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986); *see also Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1177 (N.D. Cal. 2013) (recognizing *Frontline Ventures* but rejecting a motion for sanctions on other grounds). Additionally, as explained above, Jaiyeola faces sanctions not for mere litigiousness but for repeatedly failing to follow court orders and for continually filing frivolous cases.

Jaiyeola's *pro se* status, which is the third factor for consideration offered in *Safir*, weighs in favor of denying the motion. But as Brundage points out, Jaiyeola has filed at least 58 cases and appeals over the last decade—more than many experienced lawyers. When balanced against the other factors, Jaiyeola's *pro se* status is not enough to overcome the conclusion that he has engaged in frivolous and sanctionable conduct.

Accordingly, imposing pre-filing restrictions—though "an extreme remedy that should rarely be used"—is warranted here. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Still, the restrictions must be narrowly tailored. *See Ringgold-Lockhart*, 761 F.3d at 1066 (finding that a sanctions order was too broad when it required a judge to approve only filings that it deemed to be "meritorious"); *but cf. id.* at 1067 ("[I]t is not uncommon for district courts to

United States District Court
Northern District of California

enjoin litigants from relitigating a *particular* case, such as when a litigant refuses to accept the finality of an adverse judgment."). Pre-filing restrictions may also extend to any case filed against a certain party, even non-frivolous ones, if previously imposed sanctions have not yet been paid. *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993) (holding that courts have inherent power to dismiss actions for failure to pay previously imposed sanctions); *see also Corrigan v. Jenks*, 308 F. App'x 168, 169 (9th Cir. 2009) (citing *Hymes* and dismissing complaint for failure to pay sanctions imposed in a prior action).

Accordingly, the Court declares plaintiff Ganiyu Jaiyeola to be a vexatious litigant and imposes the following restrictions on future filings in this Court:

> The Clerk of this Court shall not file or accept any further complaints or other case initiating documents filed by or on behalf of Mr. Jaiyeola alleging any claims against Robert A. Brundage as a party or his law firm, Bowman & Brooke, LLP, arising out of or related to *Jaiyeola I* or any lawsuit he has filed against Mr. Brundage unless and until that complaint or other filing has first been reviewed by the General Duty Judge of this Court and approved for filing, or if Mr. Jaiyeola is represented by a licensed attorney admitted to practice in this Court;

> If Mr. Jaiyeola wishes to file a *pro se* complaint or other case-initiating document against Mr. Brundage or Bowman & Brooke arising out of or related to any of the above matters, he shall first provide the following documents to the Clerk of this Court:

>> Documentation showing that Mr. Jaiyeola has fully paid Mr. Brundage the May 16, 2024, $3000 sanctions judgment against him;

>> The complaint or other case-initiating document plaintiff wishes to be filed; and

>> A letter explaining why the filing is not frivolous, along with a copy of this Order.

> The Clerk of the Court shall then forward the evidence of payment, the document presented for filing, plaintiff's letter, and a copy of this Order to the General Duty Judge. If the sanctions judgment has not been fully satisfied or if the General Duty Judge determines the complaint or other case-initiating document should not otherwise be accepted for filing because it is frivolous, the Clerk shall return the complaint to Plaintiff without filing it.

Any action filed in violation of this order will be subject to *sua sponte* dismissal.

Any action filed in another forum and removed or transferred to this Court will be subject to similar review by the assigned judge of this Court.

**IT IS SO ORDERED.**

Dated: April 13, 2026

_____
P. Casey Pitts
United States District Judge